UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL REGAINS,

    Plaintiff,

v.

CITY OF CHICAGO,

    Defendant.

No. 14 C 9687
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Paul Regains brings this action against Defendant City of Chicago under 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights under the Fourteenth Amendment. The matter is presently before the Court on Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6). For the following reasons, I am granting Defendant's motion to dismiss in its entirety.

## BACKGROUND

The Illinois Sex Offender Registration Act ("SORA") imposes on convicted sex offenders both a duty to register with the appropriate law enforcement agency where they live as well as ongoing reporting requirements. 730 ILCS 150/3(a) & 6. Under SORA, sex offenders must register in person and provide, among other things, a current photograph, current address, current place of employment, telephone numbers, and all email addresses. 730 ILCS 150/3(a). At the time of registration, sex offenders must provide "positive identification and documentation that substantiates proof of residence at the registering address." 730 ILCS 150/3(c)(5).

SORA distinguishes between sex offenders who have a fixed residence and those who do not. Regardless of prior registration, a sex offender must register within three days of

1

establishing a residence, place of employment, or temporary domicile. 730 ILCS 150/3(b). If a sex offender lacks a fixed address or temporary domicile, however, he must notify the CPD Headquarters within three days after ceasing to have a fixed residence. 730 ILCS 150/3(a). Here, "fixed residence" means "any and all places that a sex offender resides for an aggregate period of time of 5 or more days in a calendar year," 730 ILCS 150/2(I), whereas "place of residence" or "temporary domicile" means "any and all places where the sex offender resides for an aggregate period of time of 3 or more days during a calendar year." 730 ILCS 150/3(a). SORA then requires that the homeless sex offender register weekly with "all locations where the person has stayed during the past 7 days." 730 ILCS 150/3(a). A sex offender who fails to register as required commits a felony and is subject to mandatory incarceration of at least seven days and a mandatory minimum fine of $500. 730 ILCS 150/10(a).

        Plaintiff alleges that Chicago police officers devised a scheme to ease their workload since the weekly registration requirements had become too burdensome. When a homeless sex offender would attempt to register as such, Plaintiff alleges that Chicago police officers would direct him or her to a shelter which accepted sex offenders to register it as his or her permanent residence, eliminating the need for the weekly registration requirement. Plaintiff also alleges that the police officers and supervisors knew that the number of homeless persons registered to the shelter far exceeded its capacity. Despite knowing about this practice, Plaintiff alleges that some police officers would periodically visit the shelter to verify that the homeless persons who had registered the shelter as their permanent address indeed resided at the shelter. When such persons could not be found, the police officers would prepare an "investigative alert" informing police officers that there was probable cause to arrest the violators for violating SORA.

        Plaintiff alleges that this is exactly what happened to him after he attempted to register

as a homeless sex offender with the CPD Headquarters in April 2012. Plaintiff alleges that the police officers directed him to a specific shelter whose address he used to register with as his permanent residence. After registering him, the police instructed Plaintiff to return three months later in July 2012. One month later, two Chicago police officers sought to verify that Plaintiff and other persons registered at the shelter's address could be found there. When they could not find him, the officers issued an "investigative alert," indicating probable cause for arrest.

On July 18, 2012, Plaintiff sought to re-register as a homeless sex offender but was instead arrested when the police officers became aware of the "investigative alert." Plaintiff was subsequently charged with a felony violation of SORA and remained in custody until his trial on December 3, 2013, when he was found not guilty.

## PROCEDURAL HISTORY

On December 3, 2014, Plaintiff filed his initial complaint against the City under 42 U.S.C. § 1983 claiming Fourteenth Amendment violations of due process and equal protection of law. Compl. 3, ECF No. 1. Defendant filed a Rule 12(b)(6) motion to dismiss arguing that the claim was time-barred and insufficiently pled. Plaintiff responded to the motion and simultaneously sought leave to file an amended complaint which was granted by this Court. Pl.'s Mem. in Opp'n to Mot. to Dismiss 1 n.1, ECF No. 15.

Plaintiff filed the Amended Complaint on March 26, 2015, where he removed the language specifying both the due process and equal protection of law deprivations and merely claimed that he was "deprived of rights secured by the Fourteenth Amendment[] to the Constitution of the United States and incurred damages." Am. Compl. 3, ECF No. 17. Defendant again filed a Rule 12(b)(6) motion to dismiss arguing that the claim was still time-barred and insufficiently pled. Def.'s Mot. to Dismiss 1-2, ECF No. 18.

3

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) does not test the merits of a claim; rather, it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

**DISCUSSION**

Defendant moves to dismiss Plaintiff's Amended Complaint on three grounds. First, Defendant argues that Plaintiff's claims are time-barred under Illinois' two-year statute of limitations for a personal injury claim. Second, Defendant argues that Plaintiff failed to describe the claim with sufficient detail to give the City fair notice of the claims and on what grounds they rested. Def.'s Mot. to Dismiss 2, ECF No. 18. Third, Defendant argues that Plaintiff's claims did not plead sufficient facts to hold the City liable under *Monell v. Department of Social Services of City of New York*. 436 U.S. 658, 690-91 (1978).

All three of these arguments are valid. In an effort to avoid timeliness issues, Plaintiff omitted details about his claim that created other problems—namely, insufficient notice. Having failed to properly establish grounds for a constitutional violation, Plaintiff's claim has no basis to hold Defendant liable under *Monell* and must be dismissed.

I.       **Statute of Limitations**

Dismissal of a suit pursuant to Rule 12(b)(6) is appropriate where the facts alleged in the complaint make clear that the claims are time-barred. *See, e.g., Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) (citations omitted) ("The statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired."); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit"); *Tregenza v. Great Am. Communication Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (if a litigant "pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court").

The statute of limitations period for a § 1983 claim is governed by the personal injury laws of the state where the injury occurred. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). In Illinois, "[a]ctions for damages for injury to the person . . . shall be commenced within 2 years next after the cause of action accrued . . . ." 735 ILCS 5/13-202. *See Wallace*, 549 U.S. at 387.

Although state law determines the statute of limitations period, federal law governs the accrual date. *Wallace*, 549 U.S. at 388. *See Hileman*, 367 F.3d at 696. The statute of limitations begins accruing from the date the plaintiff has "a complete and present cause of action," that is, when "the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

The central dispute here concerns the date on which Plaintiff's claim began to accrue.

Defendant argues that Plaintiff's claim began accruing on July 18, 2012—the date on which he became aware of the investigative alert and was arrested. Defendant contends that, despite the sparse nature of the Amended Complaint, the Plaintiff clearly alleges conduct pertaining to his registration as a sex offender.

Plaintiff, however, argues that the claim did not start accruing until he was acquitted on December 3, 2013. Plaintiff contends that accrual date, even under federal law, "use[s] the rule that applies to the common-law cause of action most similar to the kind of claim the plaintiff asserts." *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013); *see also Wallace*, 549 U.S. at 387-88 (stating that federal law accrual rules "[conform] in general to common-law tort principles"). Plaintiff contends that the most similar tort action is malicious prosecution, which accrues once the proceedings are terminated in a plaintiff's favor. *See Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998). The statute of limitations for a state law claim for malicious prosecution is one year. 745 ILCS 10/8-101. Therefore, Plaintiff contends that his filing was within the limitations period and is not time-barred.

The reason Plaintiff only compares his claim to a malicious prosecution claim instead of actually classifying it as such, however, is that he is barred from bringing a malicious prosecution claim under § 1983. According to the Seventh Circuit, where there is a remedy for malicious prosecution under state law, the possibility of bringing such a claim as a constitutional tort is foreclosed. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). Here, state law provides a remedy for malicious prosecution, and the Illinois Tort Immunity Act, which grants public employees immunity for instituting or prosecuting judicial proceedings, contains a carve-out that mirrors the malicious prosecution standard. 745 ILCS 10/2-208 (granting immunity unless the public employee "acts maliciously and without probable cause"). If Plaintiff wanted to

bring a malicious prosecution claim, *Newsome* would therefore bar this Court from hearing the case as a jurisdictional matter.

Plaintiff's attempt to mix and match incompatible theories is clever, but unsuccessful. Because all of the alleged misconduct either occurred outside of the statute of limitations period or would properly be classified under a malicious prosecution claim, I am dismissing Plaintiff's claim with prejudice.

## II.     Insufficient Details

Although the specific provision of the Fourteenth Amendment need not be named in the Amended Complaint, the Plaintiff must still give the Defendant fair notice of the claim and show that it has "substantive plausibility." *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, No. 14-1729, 2015 WL 2151851, at *1, *3 (7th Cir. May 8, 2015). In what appears to be an attempt to circumvent his statute of limitations issues, Plaintiff's Amended Complaint fails to provide sufficient detail.

Even after *Iqbal*, the Federal Rules of Civil Procedure do not require code pleading. *Id.* Plaintiff need only make "factual allegations that give the defendant fair notice of the claim for relief and show that the claim has 'substantive plausibility.'" *Id.* (citing *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam)). Additionally, "§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). In order to state a § 1983 claim, Plaintiff must allege facts that show "(1) [Plaintiff was] deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was visited upon [him] by a person or persons acting under color of state law." *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

The Amended Complaint, however, fails to point out what specific conduct serves as a basis for Plaintiff's claims. All of the factual allegations, it seems, relate to Plaintiff's registration as a sex offender and are outside of the limitations period. What remains of the Amended Complaint, as Defendant argues, is simply "conclusory and vague references to being 'deprived of liberty' and 'denied due process.'" Def.'s Reply in Supp. of Mot. to Dismiss 4, ECF No. 26. This is not enough.

Homeless sex offenders have an elemental liberty interest in avoiding liability and incarceration due to an inability to register. *Beley v. City of Chicago*, No. 12-C-9714, 2015 WL 684519, at *1, *3 (N.D. Ill. Feb. 17, 2015). *See Hernandez v. Sheahan*, 455 F.3d 772, 777 (7th Cir. 2006) ("The interest in liberty is a weighty one . . . ."). Plaintiff, however, does not contend that his constitutional rights were violated when the investigative alert was issued in May 2012 nor does he contend that he was falsely arrested on July 18, 2012. Pl.'s Mem. in Opp'n to Mot. to Dismiss 6, ECF No. 22. Plaintiff instead contends that "he was deprived of liberty without due process of law when he was held at the Cook County Jail until he was acquitted." *Id.* at 7.

Plaintiff alleges a Fourteenth Amendment due process violation based on his seventeen month imprisonment by drawing from *Newsome* the idea of due process "in the original sense of that phrase." *Newsome*, 256 F.3d at 752. The plaintiff in *Newsome* spent fifteen years in prison until a state court vacated his conviction, and he was later pardoned by the Governor when facing trial for the second time. *Id.* at 748-49. Although both Plaintiff and the plaintiff in *Newsome* spent time in prison and were eventually acquitted, the current matter is distinguishable from the context in which the Seventh Circuit referenced the "original sense" of due process. In writing for that court, Judge Easterbrook explained that the plaintiff in *Newsome* "did not receive a fair trial if the prosecutors withheld material exculpatory details;" it is in this

framework that a plaintiff would have a due process claim in its "original sense." *Id.* at 752.

Here, Plaintiff does not argue that he did not receive a fair trial or that material exculpatory details had been withheld. Because the Amended Complaint does not include any of these allegations, Plaintiff's claim is improperly based on *Newsome*, and would need to be amended if it were not already determined to be untimely.

### III.     *Monell* Liability

The final issue to address is whether Plaintiff's allegations are sufficient to establish municipal liability under *Monell*. A municipality can be liable under § 1983 when action pursuant to official municipal policy causes a constitutional deprivation. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 692 (1978). In the absence of a constitutional violation, however, Defendant cannot be held liable under *Monell*.

### CONCLUSION

Because Plaintiff's claims are time-barred and insufficiently pled, Defendant's motion to dismiss is granted. Accordingly, I am dismissing the Amended Complaint with prejudice.

ENTER:

James B. Zagel
United States District Judge

DATE: June 26, 2015